UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICK SMOLICZ, | : | |
| | : | |
| Plaintiff, | : | 3:04-cv-00855 (WWE) |
| | : | |
| v. | : | |
| | : | |
| BOROUGH/TOWN OF NAUGATUCK, DENNIS E. CLISHAM (in his official and individual capacities), THOMAS J. HUNT (in his official and individual capacities) and JAMES FORTIN (individually only), | : | |
| | : | |
| Defendants. | : | |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND DEFENDANTS' MOTION FOR RECONSIDERATION**

This action arises from plaintiff Rick Smolicz's claims of violations of his constitutional rights.  Specifically, plaintiff claimed that defendants deprived him of his rights under the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § § 1983 and 1988; restrained his exercise of free speech; violated his right to procedural and substantive due process; violated his right to privacy; violated his Fourth Amendment right to be free from unreasonable search and seizure; violated his right to the freedom of association and infringed on his right to petition the government for grievances.  Additionally, plaintiff asserted two state claims: abuse of process and theft.  Defendants Chief of Police Dennis E. Clisham, Deputy Chief of Police Thomas Hunt and Police Captain James Fortin, all employed by the

1

Police Department of the Borough of Naugatuck, moved on November 1, 2005 for summary judgment on all of plaintiff's claims.  The Court on July 26, 2006, granted summary judgment on all but one aspect, finding that there was a genuine issue of material fact as to plaintiff's assertion of retaliatory conduct as a result of his expression of protected speech.

## BACKGROUND

Familiarity with the facts of this case as set forth in the Court's ruling of July 26, 2006, is assumed and such facts are incorporated herein.

Defendants and plaintiff have moved the Court to reconsider that ruling.

## DISCUSSION

In order to justify reconsideration, the moving party must demonstrate that 1) there has been an intervening change in the controlling law; 2) newly discovered evidence is available; or 3) there is a need to correct clear error or to prevent manifest injustice.  Virgin Atlantic Airways, Ltd. v. Nat'l. Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992).

However, a "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (citation omitted).  Furthermore, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff argues that the Court should reconsider its decision to grant summary judgment as to the alleged violations of the First and Fourth Amendments, his right to due process, his right to privacy and the question of qualified immunity. He argues that there are genuine issues of material fact related to each of his claims and that summary judgment is inappropriate.

Defendants argue that the Court should reconsider its partial denial of their motion for summary judgment and grant summary judgment in its entirety. They assert that plaintiff does not present any evidence of retaliation and that they are entitled to summary judgment on this claim.

### I.     Plaintiff's Motion for Reconsideration

The Court will grant plaintiff's motion for reconsideration. After careful review of the record, however, the Court will adhere to its prior ruling and affirm its grant of defendants' motion for summary judgment as to plaintiff's claims of violations of his rights pursuant to the First and Fourth Amendments, his rights to both substantive and procedural due process, his right to privacy and qualified immunity for defendants Hunt and Fortin.

### II.    Defendants' Motion for Reconsideration

In their motion for reconsideration, defendants assert that there is no issue of material fact regarding plaintiff's claim of retaliation resulting from the mailing of his newsletters. Defendants point out that plaintiff testified in his deposition that the only properly claimed adverse employment actions – including, *inter alia*, the reduction of his rank from sergeant to patrolman – occurred in response to the Falon Fox incident and

not to the mailing of the newsletters.  Plaintiff also asserted in his objection to defendants' motion for summary judgment that the Falon Fax incident was "irrelevant" to the motion for summary judgment and that he was not claiming the demotion as part of the retaliatory conduct.  Consequently, the actions taken as a result of the Falon Fox incident are not before this Court for review.  Because none of plaintiff's other claims of retaliation is availing, there exists no evidence of retaliation.

Upon review, the Court finds this argument persuasive and will grant defendants' motion for summary judgment as to plaintiff's claim of retaliation for his expression of protected speech.  Accordingly, defendants' motion for summary judgment shall be granted in full.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration [Doc. #60] and finds, upon review, that it adheres to its prior ruling.  The Court GRANTS defendants' motion for reconsideration [Doc. #63], hereby revises its earlier ruling [Doc. # 59] and GRANTS defendants' motion for summary judgment [Doc. #48] in its entirety.  The Clerk is instructed to close this case.


Dated this 23rd of October, 2006 at Bridgeport, Connecticut.


                                                                               _____/s/_____
                                                                               Warren W. Eginton
                                                                               Senior United States District Judge